**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



ERICKSON PRODUCTIONS, INC.; JIM ERICKSON,

              Plaintiffs-Appellees,

    v.

KRAIG RUDINGER KAST,

              Defendant-Appellant.

No.    17-17157

D.C. No. 5:13-cv-05472-HRL

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding

Submitted March 25, 2019[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

    Following a jury trial, the district court entered judgment against Kraig Kast

("Kast") in favor of Jim Erickson and Erickson Productions, Inc. (collectively,

"Erickson"), on Erickson's copyright claims.  We resolved Kast's appeal of that

_____

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment in a published opinion. *See Erickson Prods., Inc. v. Kast*, — F.3d —, 2019 WL 1605668 (9th Cir. Apr. 16, 2019). We now address Kast's appeal of the district court's order adding several judgment debtors to the judgment, including "Kraig Kast as Trustee of the Black Oak Trust (a/k/a Kraig Kast, Trustee of The Black Oak Trust, dated March 11, 1995)." We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

Kast challenges the district court's jurisdiction to amend the judgment while it was on appeal, and further asserts that the district court lacked jurisdiction over some of the parties it added to the judgment. While "an appeal to the circuit court deprives a district court of jurisdiction as to any matters involved in the appeal," *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976), the district court retains authority to "exercise ancillary jurisdiction . . . to manage its proceedings, vindicate its authority, and effectuate its decrees," *Peacock v. Thomas*, 516 U.S. 349, 354 (1996) (citation and quotation marks omitted). Thus, the district court had jurisdiction to amend the judgment to facilitate its enforcement against Kast, but could not add parties "not already liable for that judgment." *Id.* at 357.

The district court concluded that adding Kast in his capacity as trustee of the Black Oak Trust would not hold a new party liable for the copyright judgment. Two

---

[1]All pending motions are denied as moot.

premises supported this conclusion. First, the Black Oak Trust was a revocable trust. Second, Kast was the trustee of the Black Oak Trust. Thus, the trust property was subject to Kast's personal liability. *See* CAL. PROBATE CODE § 18200; *Zanelli v. McGrath*, 82 Cal. Rptr. 3d 835, 850 (Cal. Ct. App. 2008) ("Property transferred to, or held in, a revocable inter vivos trust is nonetheless deemed the property of the settlor and is reachable by the creditors of the settlor."). We affirm on both points.

The district court did not err in concluding the Black Oak Trust entity containing Kast's rental properties was revocable. Erickson presented trust documents, deeds, and communications indicating Kast formed multiple Black Oak Trust entities to confuse creditors, but actually transferred his rental properties into a revocable trust. Kast's explanation that his attorney told him to utilize this unusual trust structure, and that clerical errors by his title company accounted for the relevant deeds' description of the Black Oak Trust as a "revocable" rather than "irrevocable" trust, is not persuasive.

Nor did the district court err in concluding that Kast is the trustee of the Black Oak Trust. As the district court acknowledged, Kast presented a notarized resignation from his position as trustee of the Black Oak Trust, dated December 31, 2015. However, based on evidence of Kast's communications with his financial advisor, the district court reasonably concluded that Kast continued to hold himself out as trustee

3

and exercise control over the trust assets after that date. An individual "who is not a trustee, but has 'undertaken to act in the capacity of a trustee' . . . may be held liable as a trustee under certain circumstances." *Gaynor v. Bulen*, 228 Cal. Rptr. 3d 243, 249 n.4 (Cal. Ct. App. 2018) (quoting *King v. Johnston*, 101 Cal. Rptr. 3d 269, 283 (Cal. Ct. App. 2009)); *see also In re Allustiarte*, 786 F.2d 910, 914 (9th Cir. 1986) ("A person who voluntarily acts as if he or she is a trustee is a *de facto* trustee."); *cf. Solomon v. N. Am. Life and Cas. Ins. Co.*, 151 F.3d 1132, 1138 (9th Cir. 1998) (party that "did not create, operate or control the trust," or "perform any duties as trustee," was not a de facto trustee). On these facts, we affirm the district court's conclusion that Kast's behavior after his alleged resignation rendered him a de facto trustee of the Black Oak Trust for purposes of judgment enforcement.

Thus, the district court's addition of judgment debtors was supported by proper jurisdiction and complied with California trust law.

We also affirm the district court's conclusion that Erickson's motion to amend the judgment was timely. In light of the lengthy investigation Erickson engaged in to learn about Kast's assets, the motion to amend was brought within a reasonable time. *See In re Levander*, 180 F.3d 1114, 1121 n.10 (9th Cir. 1999).

Finally, we affirm the district court's denial of Kast's motion to quash Erickson's improperly-captioned subpoenas. Erickson was entitled to broad post-

4

judgment discovery regarding Kast's finances, including his assets held in trust. *See* Fed. R. Civ. P. 69. We are not persuaded the subpoenas were harmful to Kast, let alone fraudulent on Erickson's part.

**AFFIRMED.**